IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS TYLER,** | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| **HARRY E. WILSON, et al** | : | |
| Respondents | : | NO. 04-5946 |

## MEMORANDUM AND ORDER

PRATTER, DISTRICT JUDGE                                                                 MARCH 14, 2006

     Presently before the Court is the petition for writ of habeas corpus filed by Petitioner Louis Tyler pursuant to 28 U.S.C. § 2254. After conducting a *de novo* review pursuant to 28 U.S.C. 636(b)(1)(C), and for the reasons discussed more fully below, the Court adopts the Report and Recommendation of the Honorable Linda K. Caracappa, United States Magistrate Judge, recommending the denial of the petition. Accordingly, Mr. Tyler's petition is denied.

**BACKGROUND**

     On December 27, 1996, Mr. Tyler robbed eight people outside of a Philadelphia nightclub and shot one of the victims in the head. Two days later, Mr. Tyler was arrested in New York on unrelated weapons and narcotics charges and was subsequently returned to Pennsylvania to stand trial for the robberies and the shooting. On July 13, 1999, a jury in the Court of Common Pleas for Philadelphia County convicted Mr. Tyler of attempted murder, robbery, aggravated assault, and possession of an instrument of a crime. On January 6, 2000, the Honorable Tama Myers Clark imposed consecutive sentences totaling 132 ½ to 265 years imprisonment. Petitioner did not file a direct appeal, and his conviction became final on February 5, 2000.

On or about March 26, 2000, after being sentenced in Pennsylvania, Mr. Tyler was transferred to New York to serve the remainder of his sentence on his New York convictions. On April 6, 2001, Mr. Tyler was paroled from New York and transferred back to Pennsylvania to serve the sentence imposed by Judge Clark.

On January 18, 2002, Mr. Tyler filed a *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. ANN. § 9541, *et seq.*, alleging ineffective assistance of counsel and violations of the Interstate Agreement on Detainers ("IAD"). The trial court appointed counsel, who concluded that Mr. Tyler's application was untimely and filed a request to withdraw. The trial court granted counsel's request, and Mr. Tyler's application was subsequently dismissed on September 19, 2002. Mr. Tyler then filed a notice of appeal, which was dismissed as untimely by the Pennsylvania Superior Court.[1] Thereafter, Mr. Tyler filed a second PCRA petition, in which he requested the "restoration of his appellate rights." That petition was dismissed as untimely, and Mr. Tyler did not appeal that dismissal.[2]

On December 21, 2004, Mr. Tyler filed the instant Petition for Writ of Habeas Corpus,

---

[1] Mr. Tyler asserts that the order dismissing his petition, although dated September 19, 2002, was not actually filed until October 23, 2002, and was not received by the PCRA Unit until October 24, 2002. Mr. Tyler claims that he submitted his notice of appeal on November 11, 2002, within 14 days from the receipt of the order dismissing the PCRA petition. Mr. Tyler represents that his notice of appeal was returned to him on November 22, 2002, with a letter stating that it was untimely filed. Whether or not Mr. Tyler's notice of appeal was timely filed is of no moment here. As set forth more fully below, Mr. Tyler's initial PCRA petition was untimely filed, and, as such, cannot form the basis for tolling the statute of limitations for his habeas relief here.

[2] Mr. Tyler asserts that, despite his proper noticing the PCRA Unit of his change in address, the PCRA Unit sent the dismissal of his second PCRA petition to the wrong institution. Mr. Tyler contends that he was not able to properly respond to the dismissal as a result of it being sent to the wrong institution. Once again, even if these assertions are true, they are irrelevant to the fact that Mr. Tyler's petition for habeas relief was untimely filed.

asserting: (1) ineffective assistance because trial counsel did not file a direct appeal; (2) violation of the Interstate Agreement on Detainers because his trial did not commence in a timely manner; (3) violation of his appellate rights when the notice of appeal was improperly returned as untimely; (4) violation of his appellate rights when the PCRA court forwarded its order of dismissal to the incorrect prison address; (5) the improper dismissal of his application for post-conviction relief as untimely.

On April 29, 2005, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Civil Procedure 72.1, this matter was assigned to Magistrate Judge Caracappa for a Report and Recommendation. On August 30, 2005, Magistrate Judge Caracappa recommended that the petition be denied as untimely. Mr. Tyler objected to the Report and Recommendation, asserting that Magistrate Judge Caracappa erred in determining that the petition was untimely filed and that equitable tolling was inapplicable. On October 11, 2005, the Respondents, collectively represented by the District Attorney's Office of Philadelphia, responded to Mr. Tyler's objections. Upon close review of the Mr. Tyler's Objections to the Report and Recommendation, the Court finds that he cannot overcome the fact that his Petition for Habeas Corpus was untimely filed, and, accordingly, his Petition is denied.

**DISCUSSION**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for habeas corpus must be filed within one year from "the date on which the [petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d). Mr. Tyler's judgment became final on February 5, 2000, 30 days after he was sentenced. Thus, Mr. Tyler had until February 4, 2001, one year from the date the

judgment became final, to file a timely petition for a Writ of Habeas Corpus. Mr. Tyler, however, did not file his habeas petition until December 21, 2004, over three years after the ADEPA statute of limitations had run.

Moreover, Mr. Tyler failed to file a timely PCRA petition, which, if timely, would have statutorily tolled the AEDPA's one-year limitation pursuant to 28 U.S.C. § 2244(d)(2). Mr. Tyler, however, did not file his PCRA petition until January 18, 2002, and the Pennsylvania courts have consistently held Mr. Tyler's petition to be untimely. Petitions that are deemed untimely cannot act to toll the statute of limitations as they are not a "properly filed application." Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003). Also, Mr. Tyler's argument that his time to seek state post conviction relief under the PCRA was tolled during the time he was completing his prison sentence in New York is unavailing as a matter of Pennsylvania law. See Commonwealth v. Judge, 797 A.2d 250, 257 (Pa. 2002) ("[N]othing in the language of the PCRA requires the prisoner be in the Commonwealth when he or she files a Petition [for post-conviction relief]."). Mr. Tyler could have sought state post-conviction relief from a prison in New York as easily as from a prison in Pennsylvania. Thus, because Mr. Tyler's PCRA petition was untimely filed, it could not toll the limitations period for habeas purposes. See Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005); Merritt, 326 F.3d at 165-66.

Although the AEDPA generally requires habeas petitions to be filed within one year of the final judgment, the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citing Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)). Such equitable

tolling is warranted when "the petitioner has in some extraordinary way been prevented from asserting his or her rights . . . [and] has exercised reasonable diligence in investigating and bringing the claims." Miller, 145 F.3d at 618. Mere excusable neglect is not sufficient. Id. The Third Circuit has set forth three circumstances where equitable tolling may be appropriate: "(1) if the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum." Jones, 195 F.3d at 159 (citations omitted).

Mr. Tyler argues that equitable tolling should apply in this case because his trial counsel informed Mr. Tyler that he would be filing a notice of appeal (which he did not), lulling Mr. Tyler into inaction, and, shortly thereafter, Mr. Tyler was transferred to New York. Mr. Tyler asserts that the combination of his attorney's unfulfilled promises and his transfer excuse any default. The Court cannot agree that Mr. Tyler's untimely filing is excused by equitable tolling because his circumstances are not "extraordinary" or excusable. Even if Mr. Tyler was "lulled" into non-action with respect to his initial appeal, he was transferred to New York on or about March 26, 2000, and, thereafter, had over ten months while in New York to file for habeas relief. Being "lulled" into inactivity is not the equivalent to being "prevented from exercising his rights" as is the mandate from Jones. Mr. Tyler did not file his application for a writ of habeas corpus until December 21, 2004, over four years after his sentence became final, and he did not file his application for relief pursuant to the PCRA until January 18, 2002, nearly two years from the date of his conviction. Mr. Tyler has not shown that he acted with reasonable diligence or that extraordinary circumstances prevented this petition from being filed in a timely manner. Thus, the Court finds that equitable tolling does not apply to save Mr. Tyler's claims.

Mr. Tyler also contends that the Court should consider his procedurally defaulted claims because he has demonstrated cause for his default and actual prejudice, and that failure to consider his claims will result in a fundamental miscarriage of justice. To show cause, Mr. Tyler would have to demonstrate "some objective factor external to the defense that prevented compliance with the state's procedural requirements." Keller v. Larkins, 251 F.3d 408, (3d Cir. 2001). Again, Mr. Tyler could have filed his claims in a timely manner, there were no "external factors" that prevented him from complying with filing procedures. Mr. Tyler alone is responsible for his inaction. To show that there has been a fundamental miscarriage of justice, Mr. Tyler would have to show that he was actually innocent, i.e., produce "new reliable evidence," such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," that would make it more likely than not that "no juror, acting reasonably, would have voted to find [him] guilty beyond a reasonable doubt." Schulp v. Delo, 513 U.S. 289, 324, 329 (1995). Mr. Tyler has not supplied the Court with any evidence that there he is actually innocent of the crimes for which he was convicted.

Finally, Mr. Tyler's more substantive arguments regarding alleged infirmities in his post-conviction relief proceedings and the purported violations of the IAD are unmeritorious, and, moreover, do not excuse the untimeliness of the petition. First, Mr. Tyler's argument that the IAD time limits were violated is unavailing, particularly because Mr. Tyler has not alleged that he objected to his trial date, nor does he attempt to show that he was actually prejudiced by any delay. See Reed v. Farley, 512 U.S. 339, 342 (1994). Second, alleged infirmities in his post-conviction relief proceedings are not properly challenged through habeas corpus review. See Hassine v. Zimmerman, 160 F.3d 941, 954-55 (3d Cir. 1998) (habeas corpus relief challenges constitutionality and lawfulness of judgment of conviction, not whether the post-conviction process was flawed).

**CONCLUSION**

For the foregoing reasons, the Court denies each of Mr. Tyler's objections and adopts the Report and Recommendation. An appropriate Order consistent with this Memorandum follows.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS TYLER,** | : | **CIVIL ACTION** |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| **HARRY E. WILSON, et al** | : | |
| Respondents | : | NO. 04-5946 |

**O R D E R**

AND NOW, this 14th day of March, 2006, upon consideration of the Petition for Habeas Corpus (the Petition") and the Memorandum in Support (Docket No. 1), Respondents' Answer to the Petition (Docket No. 4), and after careful review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (Docket No. 5) and the Objections (Docket No. 6) and Response thereto (Docket No. 7), it is **ORDERED** that:

1. The Report and Recommendation (Docket No. 5) is **APPROVED** and **ADOPTED**;

2. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**; and

3. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE